UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA MEDVEDSKAIA,<br>A-244-815-348,<br><br>                                Plaintiff,<br><br>                    vs.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, IMPERIAL REGIONAL<br>DETENTION FACILITY,<br><br>                                Defendants. | Case No.:  25-cv-1187-RSH-LR<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8 AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>**[ECF No. 2]** |

Plaintiff Elena Medvedskaia, an immigration detainee proceeding without counsel, has filed a civil action along with a motion to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 1, 2. In her Complaint, Plaintiff invokes federal jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985(2), and the Administrative Procedures Act, 5 U.S.C. §§ 701–706. ECF No.

1

1 at 3. Plaintiff, a Russian national, alleges she and her husband applied for political asylum and presented themselves at the U.S. Mexico border by invitation via the CBP One program on an unspecified date. Upon arrival, Plaintiff and her husband were separated, and she has remained in ICE custody, where she claims to have been denied a special diet required to maintain her immune system. *Id.* at 4, 12–13. She seeks an unspecified amount of monetary damages. *Id.* at 4. For the reasons explained below, the Court grants Plaintiff's motion to proceed IFP, but dismisses her Complaint with leave to amend.

## I.    MOTION TO PROCEED IFP

Generally, a party who institutes a civil action, suit, or proceeding in a district court of the United States must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the plaintiff seeking to proceed IFP is a "prisoner," the Prison Litigation Reform Act ("PLRA") requires submission of a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Prisoners granted IFP must also "pay the full amount of a filing fee," but may do so in installments as provided by 28 U.S.C. § 1915(b)(1). *See Bruce v. Samuels*, 577 U.S. 82, 85–86 (2016).

Here, Plaintiff alleges that she is an immigration detainee being held under the authority of the Department of Homeland Security ("DHS") at the Imperial Regional Detention Facility ("IRDF") in Calexico. *See* ECF No. 1 at 1, 13. Under the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h). *Agyeman v. Immigration & Naturalization Servs.*, 296 F.3d 871, 886 (9th Cir. 2002) ("[W]e hold that an alien detained by the INS pending deportation

is not a 'prisoner' within the meaning of the PLRA.'"); *Andrews*, 398 F.3d at 1122 ("[A] civil detainee is not a 'prisoner' within the meaning of the PLRA."). Because Plaintiff is not a "prisoner," the filing fee provisions of 28 U.S.C. § 1915(b) are inapplicable to this case and as such, the Court need only review Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status.

"Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency." *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Here, Plaintiff attests she is unemployed, does not receive income from any source, does not have a savings or checking account, owns no assets of value, such as real estate, an automobile, or other similar items, and has been in ICE custody for six months. *See* ECF No. 2. Accordingly, the Court finds Plaintiff has established she is unable to pay the fees or post the securities required to maintain a civil action and therefore **GRANTS** her motion to proceed IFP. *See* L.R. 3.2.d.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A.    *Sua Sponte* Review Standard

A complaint filed by any person proceeding IFP is subject to *sua sponte* dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether Plaintiff has failed to state a claim upon

which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6), together with Federal Rule of Civil Procedure 8, require a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B.    Plaintiff's Allegations

Plaintiff claims she is an asylum-seeker and has been "robbed of 6 months of social and family life" while detained at IRDF. ECF No. 1 at 13. While detained, she alleges unidentified medical staff at IRDF failed to provide her with the "strict diet" she needs to address an unidentified immunity deficiency. *Id.* Additional documents submitted after she filed her Complaint show Plaintiff has filed several medical grievances while in custody, but a nurse practitioner at IRDF determined her complaints were "unfounded" and that she did not require a special diet "due to [her] lab results," which showed a "healthy immune response." *See* ECF No. 3 at 3–6.

Plaintiff names DHS and IRDF as Defendants. *See* ECF No. 1 at 1–2. Plaintiff asks that "physical, psychological, social, and financial damages be determined by a jury." *Id.* at 4.

### C.    Rule 8

Federal Rule of Civil Procedure 8(a) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011). "It is the right and duty of a plaintiff

initiating a case to file a "short and plain statement of the claim." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir. 2008). A claim is the "aggregate of operative facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *See Iqbal*, 556 U.S. at 678.

Here, Plaintiff's allegations fail to satisfy Rule 8. For example, while she lists 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), and 5 U.S.C. §§ 701–706 as the federal statutory bases for her suit, she fails to describe or explain how any of these statutes apply to her or how they were violated. Plaintiff's only specific factual allegation is that she has not been provided a special diet while in custody, and this has endangered her health. ECF No. 1 at 4. Plaintiff does not identify the nature or seriousness of her medical need—nor does she attribute any particular denial of care or medical injury to either defendant, DHS, or IRDF. And even if she did, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies" from suits seeking monetary damages. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citation omitted).

In sum, the Court finds Plaintiff's Complaint fails to provide Defendants with fair notice or a "plain statement of the claim showing Plaintiff is entitled to relief." Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555. Therefore, the Court **DISMISSES** the Complaint in its entirety for failure to comply with Rule 8. *See Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012) ("The court may [] *sua sponte* dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ('Rule') 8.").

### D.     42 U.S.C. §§ 1983 & 1985(2)

Even if Plaintiff's Complaint were not subject to dismissal under Rule 8, she also cannot state a plausible claim for relief against the DHS or IRDF under 42 U.S.C. §§ 1983 and 1985(2). These statutes are limited to wrongful acts taken by state—not federal—officers, and as such, they "provide[] . . . no help" to plaintiffs who complain of wrongful acts "taken under the color of federal law." *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d

1096, 1097 (9th Cir. 1986); *see also Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions.") (collecting cases). Therefore, even if her Complaint were not subject to dismissal under Rule 8, Plaintiff would still fail to state a claim under 42 U.S.C. §§ 1983 or 1985(2). *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### E.   5 U.S.C. §§ 701–706

Finally, Plaintiff also fails to state a plausible claim for relief under any provision of the APA. *See Iqbal*, 556 U.S. at 678. Generally, the APA permits suits against the United States by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "The APA's waiver of sovereign immunity, however, contains several limitations. By its own terms, § 702 does not apply to claims for 'money damages[.]'" *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). Claims properly asserted pursuant to the APA must also satisfy Section 702's "agency action" requirement and identify a "final agency action" in order to justify judicial review. *See* 5 U.S.C. § 704; *Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 991 (9th Cir. 2025) ("The APA provides for judicial review of final agency actions.") (citing 5 U.S.C. §§ 702, 706). The APA also requires an administrative agency to adjudicate "a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). In situations where an agency fails to do so, a "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.[]" 5 U.S.C. § 706(1). However, "[a] court can compel agency action under [5 U.S.C. § 706(1)] only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal quotation marks omitted).

Here, Plaintiff's attempt to bring suit under the APA fails because she seeks only

25-cv-1187-RSH-LR

damages, fails to point to any "final agency action," and fails to otherwise identify any legal or factual basis that would permit judicial review under the APA. Therefore, even if her Complaint satisfied Rule 8, Plaintiff's purported APA claims require dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### F.     Leave to Amend

Given Plaintiff's pro se status, the Court grants her leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III.   CONCLUSION

Accordingly, the Court:

1)     **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2].

2)     **DISMISSES** Plaintiff's Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3)     **GRANTS** Plaintiff **sixty (60)** days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to her original pleading. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled.").

If Plaintiff fails to timely file an Amended Complaint, the Court will enter a final Order dismissing this civil action based on both her failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and her failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164,

1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: September 8, 2025

_____
Hon. Robert S. Huie
United States District Judge

25-cv-1187-RSH-LR