UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA MEDVEDSKAIA, A-244-815-348,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; IMPERIAL REGIONAL DETENTION FACILITY,<br><br>　　　　　　　　　　Defendants. | Case No.:  25-cv-1187-RSH-LR<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND FOR FAILURE TO PROSECUTE** |

Plaintiff Elena Medvedskaia, an immigration detainee proceeding without counsel, filed this civil action along with a motion to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 1, 2. On September 8, 2025, the Court granted Plaintiff leave to proceed IFP, but dismissed her complaint *sua sponte* for failing to comply with Federal Rule of Civil Procedure 8(a) and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* ECF No. 4. Plaintiff was advised of her pleading deficiencies and granted 60 days leave in which to amend. *Id.* at 4–7. The Court cautioned Plaintiff, however, that her failure to timely amend would result in dismissal of this action both for failure to state a claim and for failure to prosecute. *Id.* at 7–8.

1

On November 21, 2025, the Court issued an order extending the time to respond to December 22, 2025. To date, Plaintiff has failed to file an amended pleading, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [she] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting court's discretion to *sua sponte* dismiss a case for failure to prosecute in compliance with court-ordered deadlines).

## CONCLUSION

Accordingly, the Court **DISMISSES** this civil action based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and her failure to prosecute as required by the Court's September 8, 2025 Order. The Court directs the Clerk to close the case.

**IT IS SO ORDERED**.

Dated: December 23, 2025

_____
Hon. Robert S. Huie
United States District Judge

---

[1] The Court's September 8, 2025 Order was returned as undeliverable by the U.S. Post Office on September 17, 2025. *See* ECF No. 5. Sixty days have since passed, but Plaintiff has yet to file a notice of change of address or otherwise communicate with the Court. *See* S.D. Cal. Civil Local Rule 83.11.b ("A party proceeding pro se must keep the Court and opposing parties advised as to current address. If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.").